# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Quiwaneca Spikes,<br><br>    Plaintiff,<br><br>vs.<br><br>Steven Altig et al.,<br><br>    Defendants. | Case No. 2:23-cv-02127-GMN-MDC<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 4) |

  Pro se plaintiff Quiwaneca Spikes filed an application to proceed *in forma pauperis* (ECF No. 4) and a proposed complaint. ECF No. 1-1. The Court denies her IFP application. ECF No. 4.

**I. Plaintiff's IFP Application**

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

  Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance

in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

Plaintiff is currently incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). ECF No. 1-1. The Court finds the IFP application incomplete. In addition to leaving question 1(b) blank, the fourth page of plaintiff's IFP application is missing the authorized officer's signature. ECF No. 4. Plaintiff also failed to file a declaration and a certified copy of the trust fund account statement per 28 U.S.C. § 1915(a)(2). The Court will give plaintiff another chance to file a complete IFP. The plaintiff must provide the authorizing officer's signature and must file a certified copy of the inmate trust fund account statement.

ACCORDINGLY,

IT IS ORDERED that Spike's application to proceed in forma pauperis (ECF No. 4) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff has until **Wednesday, March 6, 2024**, to either file a new IFP application or pay the filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after Spikes either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that if plaintiff is transferred, the Accounting Supervisor at Florence McClure Women's Correctional Center is directed to send a copy of this Order to the new place of incarceration and indicate the amount that plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

IT IS FURTHER ORDERED that the Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to Florence McClure Women's Correctional Center Accounting Supervisor, 4370 Smiley, Las Vegas, NV 89115.

//

//

//

//

//

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address.

The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

      IT IS SO ORDERED.

      DATED this 6th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge