**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Quiwaneca Spikes, | 2:23-cv-02127-GMN-MDC |
| Plaintiff(s), | |
| vs. | **Order** |
| Steven Altig, | |
| Defendant(s). | |

Pending before the Court are incarcerated *pro se* plaintiff Quiwaneca Spikes's second application to proceed *in forma pauperis* ("IFP") (ECF No. 6), Complaint (ECF No. 1-1), *Motion to Amend Complaint* (ECF No. 6-1), and First Amended Complaint (ECF No. 7). The Court discusses the filings below.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

### I.   WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). The Court denied plaintiff's previous *in forma pauperis* application (ECF No. 4) because it was incomplete and was missing the requisite financial certificate.  Plaintiff submitted a new application that is complete and includes her financial certificate. ECF No. 6. Plaintiff has no money in her account. *Id.* The Court grants plaintiff's IFP application.

Considering her $0.00 average balance and deposits, she is not required to pay an initial partial filing fee. Whenever her account exceeds $10, however, she must make monthly payments in the amount of 20 percent of the preceding month's income credited to her account until the $350 filing fee is paid.

## II.   COMPLAINT AND AMENDED COMPLAINT

Plaintiff filed her Complaint (ECF No. 1-1) before she filed her initial application to proceed *in forma pauperis* (ECF No. 4). The Court denied her IFP application (ECF No. 4) and ordered plaintiff to either file a new IFP or pay the filing fee. ECF No. 5. Plaintiff filed the long-form IFP (ECF No. 6) and attached a *Motion to Amend Complaint* (ECF No. 6-1). Plaintiff then filed her First Amended Complaint (ECF No. 7). Plaintiff names as defendant: (1) Steven Altig ("Altig"), court appointed lawyer and (2) Thomas Wells ("Wells"), public defender. Plaintiff alleges violation of her constitutional rights and seeks "relief as well as a fair hearing." ECF No. 7 at 4.[1]

### a.   Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provide that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the

---

[1] The Court notes that plaintiff's amended complaint is out of order, with page 6 preceding page 4, and with page 5 missing entirely.

plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### b.  Whether Plaintiff's Complaint States a Plausible Claim for Relief

The Court notes that plaintiff filed her First Amended Complaint (ECF No. 7) before the Court screened her Complaint (ECF No. 1-1). A party may amend its pleading as a matter of course no later than 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Although plaintiff filed her amended complaint before the Court issued a screening order on her original complaint, the Court finds that under the circumstances, there is harmless error because the original complaint had not been filed on the docket nor served on defendants. However, plaintiff is cautioned that going forward, she must comply with the Federal Rules of Civil Procedure and the Local Rules for all further amendments. *See* Fed. R. Civ. Pro. R. 15; *see also* LR 15-1. The Court will mostly[2] disregard plaintiff's original complaint. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). The Court screened plaintiff's First Amended Complaint (ECF No. 7).

---

[2]  The Court addresses aspects of plaintiff's original complaint out of an abundance of caution regarding her Fifth Amendment Claims.

### i. Plaintiff Fails to Allege How Defendants Acted Under Color of State Law

There are generally two methods to bring actions to vindicate federal rights.  One is pursuant to 42 U.S.C. § 1983 and the second is under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 390, 91 S. Ct. 1999, 2001 (1971).  Actions under § 1983 and *Bivens* are substantively identical, but § 1983 applies when defendants are state actors whereas *Bivens* applies when the defendants are federal actors.  *See Graham v. Connor*, 490 U.S. 386, 393–94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989)("§1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred)(internal quotations omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

The Court determines that plaintiff's claims fall under 42 U.S.C. § 1983. Although the plaintiff does not mark on her amended complaint that she is bringing the action under § 1983, the court finds that § 1983 is the only available basis for her claims because she seeks to vindicate certain federal rights and the defendants are not federal officials. *See Graham*, 490 U.S. at 393–94; *Van Strum*, 940 F.2d at 409. However, the Court finds plaintiff fails to state a claim under § 1983 because plaintiff does not allege that defendants acted under "color of state law," which means the defendants acted with, or held themselves out to be acting with, government authority.  Acting under the color of state law is one of the essential elements for a § 1983 claim.  Specifically, the four elements that a plaintiff must allege to state a claim for relief under § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Some courts require simpler pleading that provides that

"(1) the defendants actin[ted]under color of state law [and] (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff brings her claims against a public defender and a court appointed lawyer in connection with her underlying state criminal conviction. ECF No. 7. When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor). The Supreme Court has concluded that public defenders do not act under the color of state law because their conduct as legal advocates are controlled by professional standards independent of the administrative direction of a supervisor. *See Brillon*, 556 U.S. at 92; *see also Polk Cnty.*, 454 U.S. at 321. However, where public defenders are performing administrative or investigative functions, they may be acting under the color of state law. *See Brillon*, 556 U.S. at 91 n.7; *see also Polk Cnty.*, 454 U.S. at 324–25. For plaintiff to bring a § 1983 claim against Altig and Wells, she must clearly state how defendants acted under color of state law (*e.g.,* acted with governmental authority beyond merely being appointed as plaintiff's lawyers by the state court) and engaged in administrative or investigative functions.

### ii.  Plaintiff's Eighth Amendment Claims Fail

The Court addresses plaintiff's Eighth Amendment claims. As part of her § 1983 action, plaintiff also asserts Eighth Amendment claims for (1) failure to receive a bail hearing and (2) cruel and unusual punishment. The Court liberally construes plaintiff's Eighth Amendment claim for "failure to receive a bail hearing" as a Sixth Amendment ineffective counsel argument. However, plaintiff's § 1983 suit is not the proper avenue to assert claims against defendants Altig or Wells for ineffective counsel. *See Berry v. State of Nev.*, 2022 U.S. Dist. LEXIS 168574, *4-5 (D. Nev. Sept. 19, 2022) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (finding that plaintiff may assert a Sixth Amendment ineffective counsel

argument against his defense counsel in direct appeal, post-conviction, or habeas proceeding but not in a § 1983 proceeding)). Therefore, plaintiff's ineffective counsel claim is barred as a matter of law. *Id.* There are also problems with plaintiff's Eighth Amendment cruel and unusual punishment claim for failing to "pick up [plaintiff's] property" against defendant Altig. ECF No. 7 at 5. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotation marks omitted). To establish an Eighth Amendment violation, a prisoner must demonstrate that a <u>prison official</u> deprived the prisoner of the "minimal civilized measure of life's necessities" and that the <u>prison official</u> "acted with deliberate indifference in doing so." *Toguchi v. Chung*, 3961 F.3d 1051, 1057 (9th Cir. 2004) (citing *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (emphasis added)). Plaintiff, however, does not allege facts sufficient for an Eighth Amendment claim of cruel and unusual punishment against defendant Altig. Foremost, Plaintiff does not allege or show that Altig is a prison official, or otherwise acted under color of law. Furthermore, Altig's failure to pick-up plaintiff's property does not rise to a deprivation of "something sufficiently serious." *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) ("For an inmate to bring a valid § 1983 claim against a prison official for a violation of the Eighth Amendment, he must objectively show that he was deprived of something sufficiently serious and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety."). Therefore, plaintiff cannot bring her Eighth Amendment claim as a matter of law.

### iii. Plaintiff's Fifth Amendment Claims

The Court acknowledges that plaintiff's first amended complaint (ECF No. 7) supersedes her original complaint, but out of an abundance of caution, the Court addresses her Fifth Amendment claims

in her original complaint (ECF No. 1-1).[3] Plaintiff states three Fifth Amendment claims in her original

complaint for "ineffective counsel," "failure to pick up property," and failure to communicate." (ECF No.

1-1). Unlike her amended complaint, plaintiff's original complaint identifies 42 U.S.C. § 1983 as the

method or vehicle through which plaintiff seeks vindication of federal rights.

Plaintiff's original first Fifth Amendment claim is one for "ineffective counsel." ECF No. 1-1 at

3. Plaintiff alleges that neither attorney "advocated for [her] at all" and that she never received a bail

hearing. ECF No. 1-1 at 2-3. The Court liberally construes that plaintiff is attempting to bring forth a Sixth

(not Fifth) Amendment claim for ineffective counsel.   That said, regardless of the appropriate

Constitutional Amendment that applies, a § 1983 suit is not the proper avenue to sue Altig or Wells for

ineffective counsel, as discussed above.

The Court construes plaintiff's claim for "failure to communicate" as a malpractice claim against

defendant Altig. A malpractice claim is a common law claim.  An action under § 1983 is not the proper

avenue for common law claims, like a malpractice claim. *See Villalobos v. Milone*, 2014 U.S. Dist. LEXIS

181358, *3 (D. Nev. Nov. 5, 2014) ("[S]tate courts generally adjudicate claims for attorney malpractice,

and this Court does not have subject matter jurisdiction over the claim."). Although supplemental

jurisdiction may allow for plaintiff to bring her state law claim, plaintiff cannot bring her state law claim

of attorney malpractice under § 1983 because her federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district

courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district

court has dismissed all claims over which it has original jurisdiction."). Finally, the plaintiff initially

asserted her "failure to pick up property" as a Fifth Amendment claim in her original complaint. As

---

[3]  Because plaintiff's fifth page was missing and because it was unclear whether plaintiff intended to leave out the claims, the Court addresses the claims to the extent that plaintiff may still be seeking to bring malpractice and/or ineffective counsel claims against defendants.

disposed above, plaintiff restated her "failure to pick up property" as failed Eighth Amendment claim in her First Amended Complaint.

Accordingly,

**IT IS ORDERED that:**

1. Plaintiff's IFP application (ECF No. 6) is GRANTED. Plaintiff is not required to pay an initial partial filing fee.

2. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, whenever plaintiff's account exceeds $10, the Florence McClure Women's Correctional Center must forward payments from the account of Quiwaneca Spikes (1101769) to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

3. If plaintiff is transferred, the Accounting Supervisor at Florence McClure Women's Correctional Center is directed to send a copy of this Order to the new place of incarceration and indicate the amount that plaintiff has paid towards her filing fee so that funds may continue to be deducted from his account.

4. The Clerk of the Court must send a copy of this Order to the Finance Division of the Florence McClure Women's Correctional Center Accounting Supervisor, 4370 Smiley Road, Las Vegas, NV 89115.

5. Plaintiff's Complaint (ECF No. 1-1) is superseded by plaintiff's First Amended Complaint (ECF No. 7).

6. Plaintiff's First Amended Complaint (ECF No. 7) is DISMISSED WITHOUT PREJUDICE

7. If Plaintiff chooses to file an amended complaint curing the deficiencies of her First Amended Complaint as outlined in this order, she must file the Second Amended Complaint **within 60 days** of the filing of this order.

8. The Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of her Complaint (ECF No. 1-1) and her First Amended Complaint (ECF No. 6). If Plaintiff chooses to file an amended complaint, she must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

9. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file a written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party

if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 1st day of April 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge