UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QUIWANECA SPIKES,<br><br>                    Plaintiff,<br>    vs.<br>STEVEN ALTIG, *et al.*,<br><br>                    Defendants. | Case No.: 2:23-cv-02127-GMN-MDC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Pending before the Court is Magistrate Judge Maximiliano D. Couvillier's Report and Recommendation ("R&R"), (ECF No. 14), recommending that the Court dismiss Plaintiff Quiwaneca Spikes' Second Amended Complaint, (ECF No. 11). Plaintiff filed an Objection, (ECF No. 15).

Plaintiff[1] brings this case against Thomas Wells, a public defender, and Steven Altig, a court appointed lawyer. (Second Amended Complaint at 2, ECF No. 11). Plaintiff alleges that both attorneys were "ineffective," "never advocated for her defense," and "violated the duties of counsel." (*Id.*).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. D. Nev. R. IB 3-2(b). The Magistrate Judge recommends dismissing Plaintiff's Second Amended Complaint. (R&R 8:2–3, ECF No. 14). Plaintiff's Objection to the R&R does not provide any legal sources refuting these basic propositions. (*See generally* Object., ECF No. 13). Reviewing Plaintiff's Objection

---

[1] In light of Plaintiff's *pro se* status, the Court liberally construes her filings. *Estelle v.* Gamble, 429 U.S. 97, 106 (1976).

1  and the R&R *de novo*, the Court agrees with the Magistrate Judge's recommendation.

2        Plaintiff seeks to challenge her attorneys' ineffective assistance in her state criminal case
3  that resulted in her current incarceration.  The Supreme Court has held that a prisoner in state
4  custody cannot use a § 1983 action to challenge "the fact or duration of [her] confinement," but
5  instead must seek federal habeas corpus relief or the appropriate state relief.  *Wilkinson v.*
6  *Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016)
7  (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for
8  claims brought by state prisoners that fall within the core of habeas, and such claims may not
9  be brought in a § 1983 action").  In *Wilkinson*, the Supreme Court held that "a state prisoner's §
10 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or
11 equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction
12 or internal prison proceedings)—if success in that action would necessarily demonstrate the
13 invalidity of confinement or its duration."  *Id.* at 81-82.  Because Plaintiff is challenging the
14 fact that she is incarcerated, she must bring her challenge as a habeas corpus petition. *See id.*
15 Further, a federal court can only entertain a habeas corpus petition of a person in custody due to
16 a state court judgment if the petitioner has exhausted the remedies available in state court. 28
17 U.S.C. § 2254(b)(1)(A).  Accordingly, the Court must dismiss this case.  The Court dismisses
18 without prejudice but without leave to amend, meaning that Plaintiff can bring her ineffective
19 assistance of counsel challenge again, but it must be filed in a separate case as a habeas corpus
20 petition.
21 ///
22 ///
23 ///
24 ///
25 ///

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 14), is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint, (ECF No. 11), is **DISMISSED** without prejudice, but without leave to amend in this court.  If Plaintiff seeks to pursue her habeas claims, she must file a petition for writ of habeas corpus in the appropriate court.

The Clerk of Court is kindly directed to close this case.

Dated this __21__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court